## PARKER *v.* THOMAS.

APPEAL—REVIEW.

* This case was one of fact, and is affirmed without any dis-
   cussion of the evidence.

Appeal from Lapeer; Smith, J.   Submitted April 18, 1901.   Decided May 21, 1901.

Bill by Mary E. Parker and others against Melissa D. Thomas to set aside an assignment of a mortgage. From a decree dismissing the bill, complainants appeal. Affirmed.

Silas G. McIntyre, deceased, was the owner of a mortgage of $2,500 upon 80 acres of land.   Complainants and the defendant are his children.   On June 25, 1895, Mr. McIntyre assigned this mortgage to the defendant.   There was then due upon it the sum of $2,420.   The consideration for this assignment is shown by the following agreement, made at the same time:

"The party of the first part, in consideration of the assignment of the mortgage today assigned by second party to said first party, hereby agrees to pay for and to said second party as follows: First party agrees to pay to

---

* Head-note by GRANT, J.

Jane McIntyre, wife of said Silas McIntyre, $50 per year in weekly installments during her natural life.  First party also agrees to pay all debts of second party now contracted by him in Cass City, Michigan.  First party also agrees to pay second party $24 September 18th, 1895, and $24 every three months thereafter during the natural life of said Silas G. McIntyre."

This mortgage was all the available property Mr. McIntyre possessed.  He tried to sell it, and the only offer he obtained was $1,200.  The farm was in a dilapidated condition, and the mortgagor neglected to pay.  Foreclosure proceedings were had, at which the defendant became the purchaser.  The purpose of this bill is to set aside the assignment of the mortgage, or to obtain a decree that the defendant holds the land in trust for herself and the complainants.  The case was heard upon pleadings and proofs taken in open court, and the bill dismissed.

*Johnson & Stevens* (*Lee & Parker*, of counsel), for complainants.

*Geer, Williams & Halpin*, for defendant.

GRANT, J. (*after stating the facts*).  If Mr. and Mrs. McIntyre had lived to the age of expectancy as shown by the life tables, the defendant would have paid all that the mortgage was worth.  There is, therefore, no ground for saying that there was not an ample consideration for the transfer of the mortgage.  The claim of complainants is that Mr. McIntyre was incompetent, at the time, to transact business, to understand and comprehend his acts, and to make the assignment of the mortgage.  The question, therefore, becomes one purely of fact.  We are satisfied that the court below reached the correct conclusion.

The decree is affirmed, with costs.

HOOKER, MOORE, and LONG, JJ., concurred.  MONTGOMERY, C. J., did not sit.